## MARTIN, Appellant, v. RICE & MADDOX, Respondents.

1. A deed of assignment of a stock of goods to a trustee for the benefit of certain designated creditors, which provides that the grantor shall be allowed to remain in the possession of the property assigned, and to sell and dispose of the same in the usual course of business, being void upon its face as a matter of law as against creditors, will not be made good, as against a creditor who has not assented thereto, by a subsequent deed of the grantor relinquishing to the trustee all the rights and privileges reserved to the grantor by the above provision, and providing that the trustee " may, at any time when he shall see fit, seize and take possession of the said property or any part thereof, wherever he may find the same."

*Appeal from St. Louis Court of Common Pleas.*

This was an action for the delivery of personal property. The plaintiff claimed to have a special property in the goods as trustee for the creditors of True W. Hoit. The plaintiff relied upon two deeds from Hoit to himself—one dated November 20, 1854, and the other dated December 12, 1854. On the 8th day of February, 1855, Rice, one of defendants, obtained a judgment against Hoit; execution was issued thereon, and on the 12th day of March, 1855, defendant Maddox, who was the sheriff of St. Louis county, levied the same upon the goods in question. The answers of defendants allege that said deeds are fraudulent on their face and void. The first of said deeds is set forth in the opinion of the court in the case of Martin v. Maddox, ante, p. 575. The second of said deeds is as follows: " Whereas by deed dated November 20th, 1854, and recorded, &c., I, True W. Hoit, did convey unto Missionary E. Martin certain goods, wares and merchandise therein described, in trust to secure to some of my creditors the amounts due to them, as set out in said deed; and whereas it is in said deed provided that I shall have the right to remain in possession of said property, and to sell and dispose of the same until default made as in said deed set out: Now therefore, for divers good and valuable considerations moving thereunto, I do hereby release and relinquish unto the said Missionary E. Martin all my rights and privileges reserved to me by the provision aforesaid, so that he may, at any time when he shall see fit, seize and take possession of said property, or any part thereof, wherever he may find the same. In witness whereof, I have hereto set my hand and seal this 12th day of December, 1854. [Signed] True W. Hoit. (Seal.)"

The defendants objected to the introduction of the above deeds on the ground that said deeds and each of them were void and of no effect as against the defendants. The court sustained the objection, and refused to allow the same to be read to the jury. The plaintiff then offered to prove that " the

property specified in the plaintiff's petition was a portion of the property and merchandise mentioned in the said deed made by True W. Hoit, dated November 20, 1854 ; that the plaintiff was in possesssion of the property described in his petition at the time the same was taken and carried away by the defendant Turner Maddox ; that Charles Rice, one of the defendants, directed and instructed his co-defendant Maddox to take and carry away the property in question at the time it was taken— he, the said Rice, having first indemnified said Maddox against damage for such taking ; and further, the plaintiff offered to prove that the several creditors mentioned in said deed made by T. W. Hoit aforesaid, dated November 20, 1854, [the name of Rice does not appear in said deed] assented to said deed and the conditions thereof before the defendant Rice recovered his judgment against Hoit."

All the testimony so offered by plaintiff was excluded by the court on the motion of the defendants. The plaintiff thereupon submitted to a non-suit, with leave to move to set the same aside.

*Krum & Harding*, for appellants.

I. The court below erred in excluding the evidence offered by the plaintiff below, as well as that which is embraced in his offer to prove. If the first deed was fraudulent under the act concerning fraudulent conveyances (R. C. 1845), the second deed, coupled with the possession of the property by the trustee, remedied the defect.

II. The assent of the creditors to the first deed took away all objection thereto.

III. Although the first deed may have been absolutely void as a conveyance, yet the second deed, by referring thereto, made it a part of itself, and the two form one instrument not void or voidable on its face taking effect prior to the levy in this case.

*Hill, Grover & Hill*, for respondents.

I. The deed of November 20, 1854, was in trust for the use of the grantor, and therefore absolutely void as against Rice.

(R. C. 1845, p. 525; 15 Mo. 459; Brooks v. Wimer, 20 Mo. 506; Coalter v. Robertson, 14 S. & M. 18; Scott v. Duffey, 14 Penn. State R. 18; Bouck v. Albee, 26 Verm. 184; Barton v. Port Jackson & Union Falls Plank Road Co. 17 Barb. 197; Hyslop v. Clark, 14 Johns. 458; Austin v. Bell, 20 Johns. 449; Mackie v. Cairns, 4 Cow. 457.) The court committed no error in excluding it from the jury. (20 Mo. 507; 15 Mo. 467.)

II. The second deed is inoperative by itself, and can not be used in aid of the first deed. A void deed can not be ratified. (14 Penn. State S. 18; 17 Barb. 397; 26 Verm. 174; 14 S. & M. 18.)

III. The petition rests the plaintiff's right to recover upon his claim of special property by virtue of the deed. The question of actual possession therefore was immaterial, and could not affect this right.

IV. No assent of creditors can give vitality or validity to a void deed. Rice is not named in the deed, nor is *his* assent pretended. The points may all be narrowed down to the single proposition, can a deed for illegality of certain provisions be made valid by a subsequent deed in relation to the same subject matter which incorporates and becomes a part of the same deed, but waives the performance of the illegal provisions? The answer of the law is—void in part, void in the whole. Whenever the original illegal contract is so involved in the contract on which the action is brought that the two can not be separated, and whenever they seem to be but a continuation of the same agreement, no action can be supported on either. But if the subsequent agreement be totally disconnected from the original, it may be enforced. (1 Sto. on Cont. § 622.) In the case before the court, it is impossible to disconnect the two papers.

RYLAND, Judge, delivered the opinion of the court.

The first deed offered, dated 20th November, 1854, by Hoit to Martin, is admitted to be fraudulent on its face. The provision that the said Hoit should keep possession of the goods

and property mentioned in the deed, and should sell and dispose of the same in the usual course of business, without being accountable to any person for the proceeds of the goods in the mean time, is unqestionably a vice that renders this deed fraudulent and void as to creditors.

The subsequent deed did not cure this vice.    There is nothing attempted to be conveyed by it.    It recites the obnoxious provision in the first deed, and then proceeds to release and relinquish unto the said Martin all the rights and privileges reserved to Hoit by the said provision in the first deed — " *so that he may at any time when he shall see fit seize and take possession of said property, or any part thereof, wherever he may find the same.*"    Now there is not the slightest evidence here that Rice, the plaintiff in the execution under which Maddox seized the goods in controversy, ever assented to these deeds of trust.    The first deed being fraudulent against creditors, let us see if the second deed has cured the fraud.    Without pretending to determine what would be the effect of a second deed upon a prior one, if the second had been so made as to be itself without objection, yet in this case the second deed does not cure the vice in the first, being itself vicious.    This second deed does not alter the relations of Hoit and Martin.    The deed does not pretend to convey the goods to Martin for the creditors of Hoit; it simply releases his (Hoit's) rights reserved by the provision of the first deed, and leaves it at the option or discretion of Martin to take the goods into his possession whenever he may see fit.    Now suppose Mr. Martin, a clerk in the employment of Hoit, does not see fit to take the goods, then Hoit proceeds to keep possession and sell on in the usual course of business : the second deed does not cure the defects of the first, and that being fraudulent and void as to all creditors not assenting to it and affirming its provisions, and Rice, plaintiff in the execution under which Maddox seized the goods, never having assented thereto, it is void as to him, and the plaintiff below was properly non-suited.    Let the judgment therefore be affirmed ; Judge Scott concurring ; Judge Leonard absent.